UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIMBERLY DAFFRON-BAKER | § | |
| v. | § | CIVIL ACTION NO. |
| JOHN MCHUGH,<br>Secretary, Department of the Army | § | SA15CA0203 DAE |

PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Kimberly Daffron-Baker, submits this her Original Complaint, and show as follows:

I.

Jurisdiction

1. This is an action for discrimination and retaliation for protected activity under Tile VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq,*

2. Plaintiff Kimberly Daffron-Baker resides in Bexar County, Texas. She filed a timely complaint alleging gender discrimination and retaliation at the Army Substance Abuse Program (ASAP).

3. Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction is proper under 28 U.S.C. §1343, 42 U.S.C. §2000e-5(f)(3) and 29 C.F.R. §1614.107. Plaintiff has requested the right to sue in federal court.

4. As the unlawful employment practices occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b). ASAP falls under the Army Installation and Management Command, Ft. Sam Houston, Texas.

II.

Facts

5. Plaintiff has been employed by ASAP since 2009. She has been a Clinicial Supervisor providing counseling services to service members since 2011. While employed at Ft. Sam Houston, she served on Temporary Duty Assignments (TDY) for ASAP at Yongsan

military base, South Korea. She served in that capacity on a 60 day TDY tour in October, 2012. She worked as the acting Clinical Program Manager, GS-1180-12. She applied for the permanent position as Supervisory Social Worker (Substance Abuse)/ASAP Clinical Program Manager, GS-1815-13 at Yongsan military base.

6. Ms. Daffron-Baker was successful in that 60 day assignment as Supervisory Social Worker (Substance Abuse)/ASAP Clinical Program Manager. She earned a Commander's coin and praise from her supervisor, Theresa Martinez, ASAP Manager. She returned to Ft. Sam Houston at the conclusion of the 60 day assignment.

7. On Dec. 10, 2012, she was notified by memorandum that she had been tentatively selected for the permanent position. Ms. Martinez nominated Ms. Daffron-Baker for a CONUS training opportunity and urged her to come to Yongsan as soon as possible after the training. A few weeks later, however, Ms. Martinez withdrew the tentative job offer. On Jan. 24, 2013, the selecting official, Theresa Martinez withdrew the job offer.

8. Ms. Martinez cited reasons for the withdrawal that she knew were not true. She claimed that while working at Yongsan, Ms. Daffron-Baker had requested that employees not receive their evaluation support forms to explain their appraisals. In reality, Plaintiff was not the rater. It was up to Ms. Martinez to provide the support forms or not. Ms. Martinez also claimed that while serving in the 60 day TDY assignment, the Plaintiff told an employee he could apply for training without consulting with Ms. Martinez. In reality, Ms. Martinez and Ms. Daffron-Baker simply discussed who could apply for the overseas training opportunities. Ms. Martinez also claimed that Ms. Daffron told employees to request overseas training in distant, more expensive locations. But, in reality, Ms. Daffron asked employees to show cost comparisons for various training locations.

9. In reality, it was Robert McCray, Supervisory Support Services Specialist and acting Director of HR, who pressed Ms. Martinez to withdraw the job offer. Mr. McCray preferred a male supervisor fill that position. Later, after Ms. Daffron-Baker filed her EEO complaint, a female, Dea Johnson, was selected for the position. Ms. Johnson was much less qualified than the Plaintiff for the position.

10. Mr. McCray said Plaintiff was not a good fit for the organization. Dr. Wanda Kuehr, GS-15, works as Chief, Clinical Services for ASAP at Ft. Sam Houston. She believes Mr. McCray and male counselors filed false complaints about Plaintiff Daffron-Baker in

(c) backpay;

(d) loss of fringe benefits;

(e) loss of future earnings and benefits;

(f) compensatory damages;

(g) attorney's fees, litigation expenses and costs.

Respectfully submitted,

_____
Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
110 Broadway, 420
San Antonio, Texas 78205
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Plaintiff